UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED FAWZI,<br><br>        Plaintiff,<br><br>        v.<br><br>AL JAZEERA MEDIA NETWORK,<br><br>        Defendant. | Case No. 16-cv-01812 (CRC) |

**MEMORANDUM OPINION**

Mohamed Fawzi was a cameraman for Al Jazeera in 2013 when he was assigned to work in the network's Cairo office. Apparently, the new post was more than he bargained for: Fawzi ended up being arrested, and then tried *in absentia*, for his ties to his employer—by then a vocal critic of Egyptian President Abdel Fattah el-Sisi. Fawzi now brings breach of contract and tort claims in this Court, alleging that Al Jazeera failed to properly warn him about the dangers of the Cairo assignment. However, the alleged actions that give rise to Fawzi's suit have no connection to this forum, nor can Al Jazeera be considered "at home" here. Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014). Accordingly, this Court lacks personal jurisdiction over Fawzi's claims.

I. **Factual Background**

The factual account that follows is based on the allegations outlined in Fawzi's complaint. Fawzi, an Egyptian citizen currently residing in Virginia, has worked as a cameraman "in hot spots all over the globe." See Compl. ¶¶ 1, 3. In September 2013, Al Jazeera Media Network ("Al Jazeera")—a Qatari corporation with its headquarters and principal place of business in Doha, Qatar—requested that Fawzi travel to Egypt to work as a cameraman at the network's Cairo bureau. See id. ¶¶ 1, 5, 63, 65. At the time, Al Jazeera was accused of

supporting the Muslim Brotherhood's efforts to overthrow the then-nascent el-Sisi regime, and there was an "extremely antagonistic relationship" between the network and the Egyptian government. Id. ¶ 14. For instance, in July and August of 2013, Egyptian security forces conducted raids on Al Jazeera's Cairo office, and they arrested Al Jazeera journalists. Id. ¶ 24. In early September of that year, an administrative court officially banned Al Jazeera from broadcasting in Egypt, on the grounds that it was fabricating pro-Muslim Brotherhood news. Id. ¶ 20. According to Fawzi, however, Al Jazeera never informed him about any of this, or even discussed with him the risks associated with working as an Al Jazeera journalist in Cairo. Id. ¶¶ 13, 20, 26.

Purportedly unaware of the above dangers, Fawzi took the Cairo assignment. In December 2013, he was arrested and interrogated by Egyptian security officers due to his Al Jazeera connections, although he was released shortly thereafter. Id. ¶¶ 15, 58. Perceiving that "his life was endangered," Fawzi claims that he then "immediately booked an airline reservation and left the country." Id. ¶ 16. He did not return to Egypt, but in June 2014, Fawzi—along with a number of his colleagues—were tried in an Egyptian criminal court *in absentia*. Id. ¶ 50. Fawzi "was sentenced to ten years in prison and was designated as an international terrorist." Id.

Fawzi now claims that Al Jazeera's failure to warn or otherwise advise him of the dangers surrounding his work in Egypt was negligent and a breach of his employment contract. See id. at 1. Citing lost wages due to his unemployment, as well as the emotional trauma he experienced from his arrest and *in absentia* conviction, Fawzi seeks $2.4 million in compensatory damages, and an additional $5 million in punitive damages. See id. ¶ 81. Al Jazeera moves to dismiss his complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), asserting that Fawzi has shown no basis for either general or specific

2

personal jurisdiction over the Doha-based network. Al Jazeera also argues for dismissal on grounds of insufficient service of process and *forum non conveniens*. The motion is ripe for review.

## II. Standards of Review

"The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant" when a challenge to the court's personal jurisdiction is raised. Crane v. New York Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). See also First Chi. Int'l v. United Exch. Co., Ltd., 836 F.2d 1375 1378 (D.C. Cir. 1988) ("[T]he general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts."). In making this determination, the Court must resolve "factual discrepancies appearing in the record" in favor of the plaintiff. Crane, 894 F.2d at 456. However, the Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts." Livnat v. Palestinian Auth., 851 F.3d 45, 57 (D.C. Cir. 2017). Mere conclusions or "bare allegation[s]" do not constitute the *prima facie* case for jurisdiction that this standard requires. Id.

## III. Discussion

The requirements of due process impose certain limitations on the power of a court to exercise jurisdiction over nonresident defendants. See Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)). In order for a court to exercise personal jurisdiction over a defendant, a plaintiff must show that there are sufficient contacts between the defendant and the forum such that the court's jurisdiction "does not offend traditional notions of fair play and substantial justice." GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The basis for personal jurisdiction may be general,

3

under which a court may "hear any and all claims against [the defendant]," or specific, under which a court may assert jurisdiction only over claims arising from forum-related contacts. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011). As explained below, Fawzi has not established either general or specific personal jurisdiction over Al Jazeera.

A. General Personal Jurisdiction

A court may assert general personal jurisdiction over a foreign corporate defendant when the defendant corporation's contacts with the forum state "are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014) (quoting Goodyear, 564 U.S. at 919). Engaging in continuous and substantial business with the forum jurisdiction is not sufficient to permit an exercise of general jurisdiction. Instead, absent "exceptional" circumstances, a defendant corporation is "at home" only in the jurisdiction where it is incorporated or has its principal place of business. See id. at 760–61 & n.19

Citing a 1950 D.C. Circuit decision, Goldberg v. Southern Builders, 184 F.2d 345 (D.C. Cir. 1950), Fawzi alleges that general personal jurisdiction in this district is established through Al Jazeera's operation of its subsidiary Al Jazeera International (USA) Inc., and by certain Al Jazeera employees with Washington, D.C. business addresses. See Pl.'s Opp'n. 9–10. But these factual allegations are plainly insufficient for establishing general jurisdiction. In Daimler, plaintiffs relied on contacts between the defendant's subsidiary, Mercedes-Benz USA, and the state of California as their basis for jurisdiction in the Northern District of California. See Daimler, 134 S. Ct. at 751–52. The Supreme Court held that even if the subsidiary were found to be at home in California, and even if its contacts were assigned to its corporate parent Daimler, "there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there." Id. at 760.

Fawzi, in his complaint, acknowledges that Al Jazeera is based in Qatar, has its corporate headquarters in Qatar, and is owned by the government and royal family of Qatar. See Compl. ¶¶ 2–7. Clearly, Al Jazeera is "at home" in Qatar. And nothing in the record appears to show that this is an "exceptional case" where general jurisdiction is appropriate in a forum state where the corporate defendant is neither incorporated nor has its principal place of business. See Daimler, 134 S. Ct. at 755–56, 761 n.19 (citing as such a case Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952), in which defendant corporation from the Philippines temporarily moved its entire operations to Ohio, where it was then subject to general jurisdiction).

Al Jazeera International USA, Inc. may have a headquarters or principal place of business in Washington, D.C. See Def.'s MTD, Ex. 1. But this would merely establish that Al Jazeera's *subsidiary* corporation, which is not a defendant here, could be considered at home in a U.S. forum. Under Daimler, that is simply not enough to establish a "home" for Al Jazeera, the *parent* corporation. See Daimler, 134 S. Ct. at 760. For these reasons, Fawzi has not shown there is general personal jurisdiction over Al Jazeera.

B. Specific Personal Jurisdiction

The Court now considers whether Fawzi has established a basis for *specific* jurisdiction over Al Jazeera. A district court has a statutory basis for specific personal jurisdiction over a defendant when the defendant would be subject to the personal jurisdiction of a state court in the state in which the federal court is located. See Fed. R. Civ. P. 4(k)(1)(A). Here, the Court looks to the District of Columbia's long-arm statute, whose relevant portions allow for personal jurisdiction over claims that arise from a defendant's "transacting any business in the District of Columbia," "contracting to supply services in the District of Columbia," or "causing tortious

5

injury in the District of Columbia." D.C. Code Ann. § 13-423. Furthermore, even if personal jurisdiction is authorized by statute, the exercise of such jurisdiction must still comply with the requirements of due process. See FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1095 (D.C. Cir. 2008). In particular, there must be "certain minimum contacts" such that "traditional notions of fair play and substantial justice" are not offended. Helicopteros, 466 U.S. at 414 (internal quotations omitted). This burden is satisfied if the nonresident defendant "has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted).

In an effort to establish jurisdiction under D.C.'s long-arm statute, Fawzi has brought to light an apparent arrangement he made with Al Jazeera for employment in the District of Columbia, which began with a June 2015 employment offer. See Pl.'s Opp'n 12 & Ex. 1-A. These assertions were raised for the first time in Fawzi's opposition, and some of them directly contradict the allegations made in his complaint.[1] More importantly, however, none of Fawzi's claims for relief arise out of these newly asserted D.C. contacts—which primarily concern Al Jazeera USA, and occurred years after the harms he allegedly experience in Egypt. He thus fails to meet the jurisdictional requirements of due process or D.C.'s long-arm statute. See Burger King, 471 U.S. at 472; D.C. Code § 13-423(a) (conferring specific personal jurisdiction over "claim[s] for relief *arising from*" transacting business or causing injury in the District of

---

[1] For example, Fawzi alleges in his complaint that Al Jazeera "didn't want to have anything to do with him" after he fled Egypt, Compl. ¶¶ 16-17, but he now acknowledges that in June 2014, he returned to Qatar, where he resumed employment with Al Jazeera until February 2016, when he decided to pursue another employment opportunity with Al Jazeera USA. Fawzi Aff. ¶¶ 10–13; Ex. 1-B.

Columbia (emphasis added)). Because Fawzi has pointed to no forum-related contacts that ground his claims, he has failed to establish specific personal jurisdiction over Al Jazeera.

Fawzi also asks the Court to permit jurisdictional discovery. See Pl.'s Opp'n 13. However, in order to justify such relief, a party must offer more than "mere conjecture or speculation," FC Inv. Grp., 529 F.3d at 1094, and a request for jurisdictional discovery is properly denied when it "is not directed at [the] defect" in a plaintiff's case for jurisdiction, Livnat, 851 F.3d at 57. Fawzi has not pointed to any particular facts that, if discovered, would either establish that Al Jazeera is "at home" in the District of Columbia, or that Fawzi's claims arise out of the network's contacts with the District of Columbia. For these reasons, the Court will deny Fawzi's request for jurisdictional discovery.

**IV. Conclusion**

For the reasons stated above, the Court finds that it does not have jurisdiction over this case because Fawzi has not made out a *prima facie* case for personal jurisdiction over Al Jazeera. Therefore, it will grant Al Jazeera's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).[2]

CHRISTOPHER R. COOPER
United States District Judge

Date: August 11, 2017

---

[2] Because the Court finds personal jurisdiction lacking, there is no need to resolve Al Jazeera's alternative arguments for dismissal on grounds of insufficient service and *forum non conveniens*.